CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES THACKER,** | ) | **CASE NO. 7:16CV00467** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **E.R. BARKSDALE,** | ) | **By: Glen E. Conrad** |
| | ) | **Chief United States District Judge** |
| **Defendant.** | ) | |

Charles Thacker, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was attacked and injured by another inmate. After careful review of Thacker's allegations, the court concludes that the complaint must be summarily dismissed.

Thacker is an inmate at Red Onion State Prison ("Red Onion"). He alleges that on January 2, 2016, while he was cutting hair in the pod area, an inmate named A. Ricks attacked him. After Thacker fell to the floor, Ricks used the barber chair as a weapon to carry on the attack until officers fired pepper spray into the area. From the altercation, Thacker suffered injuries to the left side of his face that required medical care. He states that he had never previously had any problems with Ricks, who was placed on Thacker's enemy list after the January attack. In his § 1983 complaint, Thacker sues the warden of Red Onion, seeking monetary damages, a transfer, and a job.

The court is required to dismiss a prisoner's civil action against a governmental officer if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the United States Constitution or laws and that this deprivation resulted from conduct committed by a person acting under color of state law. West

v. Atkins, 487 U.S. 42 (1988). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

First, Thacker's allegations do not support any § 1983 claim against the warden, the only defendant he has named. Thacker has not stated facts suggesting that the warden acted personally to deprive him of any constitutional right. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights [because t]he doctrine of respondeat superior has no application" under § 1983) (internal citations omitted). Thacker also has not shown that the warden knew before January 2, 2016, of any similar inmate attacks in the past, but failed to change policy to better protect inmates. See Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (recognizing that supervisory official can be liable under § 1983 if he fails to take action in response to a known pattern of comparable conduct occurring before the incident at issue took place).

Moreover, Thacker's allegations do not suggest that any other Red Onion officer violated his constitutional rights related to Ricks' attack. "Because being assaulted in prison is not 'part of the penalty that criminal offenders pay for their offenses against society, . . .' prison officials are responsible for 'protect[ing] prisoners from violence at the hands of other prisoners.'" Danser, 772 F.3d at 346 (quoting Farmer v. Brennan, 511 U.S. 825, 833-34 (1994)). To state a claim that an official failed to protect him, however, the inmate must present evidence to "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." Id. (internal quotations and citations omitted). Also, he must show "deliberate indifference"—by "introduce[ing] evidence suggesting that the prison official had

2

actual knowledge of an excessive risk to the plaintiff's safety." Id. 346, 47 (quoting Farmer, 511 U.S. at 837). Negligent failure to protect is not sufficient to establish a constitutional violation. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

The court will assume without finding that Thacker's facial injuries were sufficiently serious to satisfy the first element of the Eighth Amendment standard. His claim fails, however, under the second facet of that standard, because he has not stated facts showing deliberate indifference by anyone. He does not allege facts suggesting that any officer knew of any excessive risk that Ricks or any other inmate would physically attack Thacker or that any officer should have acted more quickly or differently to end Ricks' attack once it began.

Because Thacker's allegations simply do not support the elements of a constitutional claim against the warden or any other officer for failing to protect him, the court must summarily dismiss his complaint under § 1915A(b)(1). An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of November, 2016.

_____

Chief United States District Judge